399 So.2d 1117 (1981)
ONONTARIO OF FLORIDA, INC., Appellant,
v.
R.P. TRUCKING CO., INC., Appellee.
No. 79-2453.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
*1118 Alexander Myers of Christiansen, Jacknin & Myers, Palm Beach, for appellant.
V. Craig McCaghren of McCaghren Law Offices, West Palm Beach, for appellee.
PER CURIAM.
This appeal from a final judgment attacks two orders of the trial court. One granted appellee's motion for directed verdict at the conclusion of appellant's case-in-chief and the other sustained an objection to exhibits offered into evidence by appellant. We disagree with both determinations and reverse.
Appellant brought this action allegedly for breach of contract. From what we can glean from the arguments in support of and in opposition to the motion for directed verdict and the trial court's comments thereon, the motion was granted because appellant failed to prove any damages. However, this court held in Muroff v. Dill, 386 So.2d 1281, 1283 (Fla. 4th DCA 1980), pet. for rev. denied, 392 So.2d 1377 (Fla. 1981):
[W]e are of the opinion that the trial court was correct in not directing a verdict. Appellees/cross-appellants were entitled to nominal damages once the breach of contract had been established, notwithstanding the absence of evidence regarding the correct measure of damages.
Accord Price v. Southern Home Ins. Co. of the Carolinas, 100 Fla. 338, 129 So. 748, 751 (1930); Beverage Canners, Inc. v. Cott Corp., 372 So.2d 954 (Fla. 3d DCA 1979). Consequently, the trial court improperly granted the motion.
The second point raised by appellant concerning the exclusion of evidence by the trial court will undoubtedly arise at the new trial and therefore we shall consider the propriety of the trial court's ruling. Appellant offered into evidence exhibits which constituted a compilation typed by appellee's secretary from a daily log. Appellee objected on the ground that the original book and daily log were the best evidence. The trial court agreed with appellee that the best evidence rule applied and therefore only permitted the original into evidence. At the time of the offer appellee's owner was testifying, having been called as an adverse witness by appellant. Appellant's purpose for offering the two compilations instead of the original log was to show inconsistencies among them, thereby bearing on the credibility of the witness and the record keeping of his company. For impeachment purposes the exhibits should have been admitted. The best evidence rule is not applicable where the matter being offered is not used to prove the truth of statements contained therein. See Urga v. State, 104 So.2d 43 (Fla. 2d DCA 1958).
Accordingly, we reverse and remand for a new trial consistent herewith.
REVERSED AND REMANDED.
DOWNEY, ANSTEAD and GLICKSTEIN, JJ., concur.