BERANEK, Judge.
Defendant, a McDonald’s Restaurant, appeals the granting of a new trial to the plaintiff/appellee. Plaintiff fell in the defendant’s restaurant while trying to step across an empty plastic trash bag which was lying in an aisle. The bag had been placed there by an employee who was changing the plastic trash liners at the time. Plaintiff noticed that the bag was present on the floor. She attempted to step across it, and in doing so, caught her foot in the bag and fell. The case was tried primarily on the theory that plaintiff’s fall aggravated a preexisting multiple sclerosis condition. Plaintiff sought substantial damages for her resulting condition. The jury found for the defendant, McDonald’s, concluding that there was no negligence on the part of defendant which caused damage to the plaintiff. The trial court granted plaintiff’s motion for new trial. In accordance with the requirements of Rule of Civil Procedure 1.530(f), the court stated the reasons for the new trial in its order. The order notes that there was sufficient evidence from which the jury could have found that the plaintiff’s multiple sclerosis condition was not due to or aggravated by her fall. However, the court concluded that McDonald’s was responsible, at least in part, for the plaintiff’s fall, and that the jury had to award plaintiff at least nominal damages.
The standard of review is whether there was an abuse of discretion by the trial court in granting a new trial. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980), and Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla.1978). This discretion is broad but it is not without bounds. We conclude that the trial court here did abuse its discretion and reverse the order granting new trial.
From the evidence, the jury could have found there was no negligence on the part *924 of McDonald’s because there was either (1) no breach of duty or (2) no proximate cause. See Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976), cert denied, 344 So.2d 323 (Fla.1977). There was abundant medical evidence to support a finding that the fall did not cause or aggravate plaintiff’s multiple sclerosis. Further, this jury could have concluded that McDonald’s acted with reasonable care, and that the accident was 100% the fault of the plaintiff.
The primary reason for granting a new trial, as set out in the court’s order, was the jury’s failure to award at least some damages even if nominal. We reject this reason. Compensatory damages include both actual and nominal damages. In closing argument, plaintiff’s counsel sought only actual damages for the multiple sclerosis condition. Further, the jury was not instructed on nominal damages, and the trial court’s order faulting the jury for failing to award such damages was legally incorrect and an abuse of discretion.
The order granting new trial is reversed and the matter remanded with directions to enter judgment for the defendant and for such further proceedings as may be appropriate.
REVERSED AND REMANDED.
ANSTEAD, C.J., and DELL, J., concur.