497 So.2d 706 (1986)
ZAYRE CORP., Appellant,
v.
James R. CREECH, Appellee.
No. 85-2293.
District Court of Appeal of Florida, Fourth District.
November 12, 1986.
*707 James C. Blecke and Edwin P. Krieger, Miami, for appellant.
No appearance for appellee.
DOWNEY, Judge.
Zayre Corporation appeals a final judgment in favor of appellee James R. Creech for breach of an employment agreement.
It appears that Creech had been employed by Zayre for a number of years until his employment was terminated as of September 1984. He sued Zayre claiming that he had an oral contract of employment from June 1, 1984 to May 31, 1985 and that his termination without cause was a breach of said contract. The trial court ruled in Creech's favor finding that Zayre had paid Creech for forty-four weeks by including vacation and severance pay and that Zayre owed him for several weeks' salary plus a bonus of $7,338.
Zayre contends on appeal that within ten weeks after he was terminated Creech was employed by Richway at an annual salary of $34,000. As a result, Zayre argues that Creech's damages were completely mitigated because his earnings for the annual period in question exceeded the salary due him under his contract with Zayre. The trial judge rejected this defense and made no deduction for the earnings recovered by Creech during the remainder of the term in question. That ruling is erroneous because the established rule in Florida in employment situations of this kind is set forth in Juvenile Diabetes Research Foundation v. Rievman, 370 So.2d 33, 35-36 (Fla.3d DCA 1979), as follows:
The law is clear that the purpose of an award of damages in a breach of contract action is to place the injured party in the same financial position as he would have occupied if the contract has been fully performed. Hodges v. A.P. Fries & Co., 34 Fla. 63, 69, 15 So. 682, 684 (1894); Popwell v. Abel, 226 So.2d 418, 422 (Fla. 4th DCA 1969); First National Insurance Agency, Inc. v. Leesburg Transfer & Storage, Inc., 139 So.2d 476, 482 (Fla. 2d DCA 1962). It is, therefore, the established law of this state that in an action for breach of an employment contract [brought by an employee for an alleged wrongful discharge prior to completion of the contract] the prima facie measure of damages is the contract price of salary or wages for the unexpired term of the contract together with any unpaid balance due under the contract for services rendered before the *708 wrongful discharge. Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928); 2 Fla.Jur.2d "Agency and Employment" § 134, p. 315 (1977)... .
These prima facie damages, however, are subject to reduction upon proof of an amount which the employee actually earned, or could have earned through the use of due diligence in other employment of like nature, for the remainder of his term of employment under the contract. Southern Keswick, Inc. v. Whetherholt, 293 So.2d 109 (Fla. 2d DCA 1974). In this connection, it is often said that the plaintiff employee has a duty to mitigate his damages by reasonably seeking other employment of like nature subsequent to the breach of contract; the penalty for failing to comply with that duty is a reduction in his recoverable damages in the amount he could have earned had he complied with such duty.
Accordingly, Creech was not entitled to recover the balance of his salary or bonus for the 1984-85 year because the amount he earned after his wrongful discharge exceeded the balance due him from Zayre for salary and bonus.
Nevertheless, the general rule in cases of this type is that the measure of damages recoverable for breach of a contract of employment for a definite term is the amount of compensation agreed upon for the remainder of the period involved, less the amount which the servant earned, or with reasonable diligence might have earned, from other employment during that period. However, if following the discharge, the former employee has earned more than the price agreed to be paid, his recovery is limited to nominal damages only. 53 Am.Jur.2d Master and Servant § 62 (1970). E.g. Board of Education of Alamogordo Public School District No. 1, 102 N.M. 762, 701 P.2d 361 (1985). This rule is also followed in Florida where a contract has been breached but for one reason or another recoverable damages were not proven. See AMC/Jeep of Vero Beach, Inc. v. Funston, 403 So.2d 602 (Fla. 4th DCA 1981); Muroff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980).
In view of the foregoing, the provisions of the judgment awarding Creech $13,378 are reversed and the cause is remanded to the trial court with directions to enter a judgment for Creech for nominal damages only.
LETTS and WALDEN, JJ., concur.