ERVIN, J.,
dissenting.
I respectfully dissent. In my judgment, the order granting new trial should be reversed because the trial court’s decision was an abuse of discretion in that the reason given, that the jurors’ verdict was contrary to the manifest weight of the evidence due to their failure to allocate fault against both International Transit, Inc. (ITI), and Norfolk Southern Railroad (the nonparty Fabre[1] defendant), was essentially legal rather than factual. To explain my position more fully, I consider it necessary to expand on the facts provided in the majority’s opinion.
Jefferson Smurfit Paper Mill employed appellant, Johnny Ray, as a forklift operator. On the day of the accident, Ray was operating a forklift and loading 5,000-pound rolls of newsprint paper onto trailers provided by ITI. He was seriously injured when, during a loading operation, the landing gear attached to one of the trailers collapsed, and the trailer, with him inside, fell to the pavement.
The evidence regarding the respective defendants’ duty of care discloses that the railroad supplied trailers to ITI, which in turn delivered by truck a large number of the trailers to the paper mill on a daily basis. Before allowing any trailer to leave the rail yard, the railroad employed a green-tag system of inspection, whereby the railroad first examined it to determine whether it was defect-free. If found to be so, a green tag was then affixed to the trailer. Once the trailers arrived at the paper mill, the mill’s employees customarily loaded them with paper, and thereafter the trailers were returned by ITI truckers to the rail yard where they were placed onto flatbed rail cars for transit.
The ITI drivers also had a duty to inspect the trailers before taking them from the railroad’s premises. They visually inspected the trailers at the rail yard and again when they were set up on the loading gear at the paper mill. The drivers were solely responsible for safely positioning and attaching the trailers to the paper mill’s loading dock, and the railroad had *345 nothing whatsoever to do with them while they were outside the rail yard.
The Rays filed an action for personal injuries against both ITI and the railroad. The railroad settled, but it later appeared on the verdict form as a nonparty Fabre defendant at the request of ITI. During the jury trial, ITI made a general motion for directed verdict, but did not state as grounds therefor that the evidence was legally insufficient to permit a verdict finding it solely at fault and that the railroad must be found some degree at fault. Thereafter, the jury returned a verdict finding ITI 100 percent liable for the injury. ITI filed various motions attacking the verdict, including a renewed motion for directed verdict and one for new trial, and subsequently the lower court entered an order granting a partial new trial as to the liability of the railroad, and denying all of ITI’s remaining motions. In its reasons stating why the verdict was contrary to the manifest weight of the evidence, the trial court explained that the jury was required to find at least some percentage of negligence against the nonparty defendant railroad. In so concluding, the court specifically relied on a memorandum of law prepared by ITI’s attorney, arguing that Johnny Ray’s injuries were jointly caused by both ITI and the railroad.
In their appeal, the Rays argue that the order granting the motion for new trial should be reversed under two alternative theories. They first contend that the fault-apportionment issue raised in the motion for new trial, which they claim was little more than a motion for judgment notwithstanding verdict, was waived due to the failure of ITI to bring it to the attention of the court either at the close of plaintiffs’ case or at the conclusion of all the evidence, as required by Florida Rule Civil Procedure 1.480, and they rely on Dean Witter Reynolds, Inc. v. Hammock, 489 So.2d 761, 765 (Fla. 1st DCA 1986), as support. Although I consider this a plausible argument, I have found no authority applying the above rule to an apportionment issue. On the other hand, there is abundant case law supporting the Rays’ second argument that the trial court’s order constituted an abuse of discretion on the theory that the court’s reason was primarily one of law. The rule is well established that as the reasons for a trial judge’s new trial order turn more on the application of a principle of law to a given set of facts, the court’s discretionary power correspondingly lessens. See Moss v. Appel, 718 So.2d 199, 201 (Fla. 4th DCA 1998); Office Depot, Inc. v. Miller, 584 So.2d 587 (Fla. 4th DCA 1991). I therefore agree with the appellants’ alternative argument that the trial court abused its discretion in granting the motion for trial.
The evidence in this case clearly involved different inferences and conflicting evidence as to whether the railroad committed any negligent act that was a legal cause of Ray’s injury. Although there was evidence tending to suggest the trailer’s loading gear had prior damage which was either not repaired or faultily repaired, and that the railroad should have observed this defect before the trailer left its possession, such evidence was controverted. The inspector for the railroad testified that he performed a proper inspection and that the loading gear was not defective at that time. There was also evidence that the ITI driver later performed his own visual inspection of the trailer before taking it from the rail yard, and that the driver had concluded that the loading gear was in proper working condition.
Consequently, even if the jury could have concluded that the railroad was negligent in performing its green-tag inspection, it might also have decided that any such negligence could not have been a *346 legal cause of injury, in view of the fact that the ITI driver would later operate and inspect the loading gear while the trailer was still in the rail yard, and would again inspect it upon delivering the trailer to the paper mill’s warehouse grounds. Thus, the chain of proximate causation could have been broken by the intervening action of ITI’s acceptance of an instrumentality in an obviously dangerous condition. See Seitz v. Zac Smith & Co., 500 So.2d 706 (Fla. 1st DCA 1987). As a result, based upon all of the evidence presented at trial, the jury could have reasonably concluded that the loading gear was not defective when the trailer left the railroad’s control, or, even if defective, the damage to the gear was or should have been readily apparent to the ITI driver, and that his later actions superseded the railroad’s control and constituted the proximate cause of Ray’s injury.
Nevertheless, as the majority has observed, our general standard of review over an order granting a motion for new trial based on the manifest weight of the evidence is whether the trial court abused its discretion in so ruling. And, as the Florida Supreme Court observed in Smith v. Brown, 525 So.2d 868, 870 (Fla.1988), “The mere showing that there was evidence in the record to support the jury verdict does not demonstrate an abuse of discretion.” Although I am aware that this elevated review standard is generally applied to orders granting motions for new trial, I am of the opinion, because of the unusual posture of this case, that the above review standard is inapplicable to the order before us; therefore, it should be reversed.
The Florida Supreme Court’s most recent pronouncement on the abuse of discretion standard as applied to motions for new trial does not approve granting such motions for the stated reason that the jury is required to find some percentage of fault by an absolved defendant. In Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999), the court emphasized that the trial court’s discretionary power to permit a new trial based on the manifest weight of the evidence was “the only check against a jury that has reached an unjust decision on the facts.” Id. at 495 (emphasis added). The court continued that this power “emanates from the common law principle that it is the duty of the trial judge to prevent what he or she considers to be a miscarriage of justice.” Id. The supreme court gave the following examples of a trial court’s discretionary power to so act: (1) when the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, citing Cloud v. Fallis, 110 So.2d 669 (Fla.1959);[2] (2) when the punitive damage award was so grossly excessive as to shock the judicial conscience, citing Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978);[3] or (3) when the verdict was itself excessive and contrary to the manifest weight of the evidence, citing Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980).
Although I have no doubt that the examples listed in Brown were not intended to be all-inclusive, the primary basis for permitting such discretion regarding motions for new trial appears to be the avoidance of injustice to a particular party because of *347 the jury’s confusion, prejudice, etc., based primarily on the facts of the case, which may result in an excessive or inadequate verdict. In fact, I have found no cases approving the grant of a new trial motion where the reason, as here, involved essentially one of law.
The above exception to the abuse of discretion standard was applied in H & U Foods, Inc. v. Ellison, 439 So.2d 923 (Fla. 4th DCA 1983), wherein the Fourth District reversed an order granting a motion for new trial. In so doing, the court, while acknowledging the review standard of abuse of discretion, citing Baptist Memorial Hospital, Inc. v. Bell and Wackenhut Corp. v. Canty, continued that the trial court’s discretion was not without bounds, and that, in fact, the discretionary power had been abused in the case before it. The appellate court noted that “the jury could have found there was no negligence on the part of [the defendant] because there was either (1) no breach of duty or (2) no proximate cause.” Id. at 923-24 (emphasis added).
The order before us was entered pursuant to section 768.81(3), Florida Statutes (1993), providing that the court shall enter judgment against each party found to be liable on the basis of each party’s percentage of fault. As explained in Association for Retarded Citizens-Volusia, Inc. v. Fletcher, 741 So.2d 520, 524 (Fla. 5th DCA 1999):
The legislature’s enactment of section 768.81 was intended to abrogate the concept of joint and several liability for purposes of determining noneconomic damages caused by joint tortfeasors. The statute is designed to allocate the percentage of fault among those parties contributing to the accident which caused the plaintiffs initial injury.
The burden is moreover placed on the party defendant to present evidence at trial showing that the nonparty’s fault contributed to the plaintiffs injury. See Nash v. Wells Fargo Guard Servs., Inc., 678 So.2d 1262, 1264 (Fla.1996).
As earlier stated, the reason given for granting the motion was primarily legal, not factual; consequently, the court’s discretionary power correspondingly diminished. Moreover, none of the grounds mentioned in Brown v. Estate of Stuckey as appropriate bases for the exercise of a trial court’s discretion applies to the order on review. Indeed, there was nothing before the lower court remotely suggesting that the verdict was the product of confusion, prejudice, or any other conduct which would result in manifest injustice to a party. In my opinion, the trial judge, by ordering a new trial, was not only acting as a seventh juror, he was also infringing on the guarantee that the right to trial by jury shall be secure and remain inviolate. See Art. I, § 22, Fla. Const.
I would therefore reverse the order granting new trial and remand the case with directions to reinstate the verdict in favor of the plaintiffs, and to enter judgment in accordance with the verdict.

. Fabre v. Marin, 623 So.2d 1182 (Fla.1993).

. The court later observed that this ground for granting a new trial applied to the case before it. Brown, 749 So.2d at 497.

. Although Wackenhut Corp. approved the district court's decision reversing the order granting new trial, it did so only because the trial court's order did not articulate established reasons stating why the award was excessive.