853 So.2d 1086 (2003)
MSM GOLF, L.L.C., Appellant,
v.
J. Steven NEWGENT, Raymond T. Watson, Newgent Golf, Inc., d/b/a JSN Golf Enterprises, Appellees.
No. 5D02-3204.
District Court of Appeal of Florida, Fifth District.
July 25, 2003.
Rehearing Denied September 9, 2003.
Allan P. Whitehead of Frese, Nash & Hansen, P.A., Melbourne, for Appellant.
Peter A. Robertson, Jeffrey L. Price, and T.J. Frasier, Gainesville, for Appellees.
MONACO, J.
MSM Golf, L.L.C. ("MSM") appeals an order of the trial court denying its motion for new trial on damages, or in the alternative, for additur, in this case involving breaches of two contracts by the appellees, J. Steven Newgent, Raymond T. Watson, and Newgent Golf, Inc., d/b/a JSN Golf Enterprises (collectively, "Newgent"). Because we conclude that MSM was entitled to a new trial, we reverse.
Reduced to their essence, the facts of this case are relatively simple. MSM entered into two contracts with Newgent concerning the development of a golf course. Newgent purportedly breached both contracts, and MSM brought suit for damages. The case proceeded to jury trial *1087 and the jury returned a verdict finding that Newgent breached both contracts and answered in the negative questions dealing with defenses raised by Newgent. The jury, however, failed to award any damages to MSM on either breach.[1]
MSM timely moved for a new trial on the issue of damages only, or alternatively, for additur. The trial court denied the motion for new trial, as well as a motion for rehearing addressed to it, and entered final judgment. In his order denying the motion for rehearing the trial judge concluded that:
Based on the evidence and the instructions of law presented to the jury, the Court agrees that the jury's verdict is inconsistent. The jury should have either found for Plaintiff and awarded damages or, alternatively, found there was no breach of contract by the Defendants. Accordingly, either side should be entitled to a new trial upon filing a timely motion requesting same.
The trial judge then held, however, that despite the inconsistent verdict, he would deny MSM's motion because it sought a new trial only on damages, and not on both liability and damages. We note that at the hearing before the trial court on its motion, MSM did indicate that it would rather request a new trial on all issues than accept a verdict for zero damages.
There is no question that the trial judge was correct in recognizing that the verdict was inconsistent and should not stand. It is a fundamental principle of contract law that once liability for a contract breach is established, an injured party is entitled as a matter of right to compensatory damages. See, e.g., St. Regis Paper Co. v. Watson, 428 So.2d 243 (Fla. 1983); Fisher v. Miami, 172 So.2d 455 (Fla.1965). At the very least, MSM was entitled to nominal damages once the jury found that the contracts had been breached by Newgent. See Onontario of Florida, Inc. v. R.P. Trucking Co., Inc., 399 So.2d 1117 (Fla. 4th DCA 1981); Muroff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980), rev. denied, 392 So.2d 1377 (Fla.1981). As the verdict was patently inconsistent, either party was, as the trial court correctly observed, entitled to a new trial.
The question to be examined is whether the trial court abused its discretion in denying a new trial on all issues, when MSM filed its motion for a new trial on damages only. The answer is found in Fla. R. Civ. P. 1.530(d), which provides:
Not later than ten days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court may on its own initiative order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party. (Emphasis added).
While this rule sounds in discretionary language, it seems to us that once the trial court specifically recognized the patent inconsistency of the verdict, it was the court's obligation to order a new trial. That MSM only asked for a new trial on damages should not have been a limiting factor, particularly where, as here, the trial court concluded that a new trial on damages alone was not justified, but that a new trial on all issues was, and the party seeking relief orally acknowledged that it would move for a new trial on all issues, rather than risk having no retrial at all.
We fully agree with the trial court that a new trial should be conducted on both *1088 liability and damages. The trial judge observed that:
[I]t would be improper to award the Plaintiff an additur or a new trial on the issue of damages only, because to do so, the Court would have to make the highly questionable and speculative assumption that the jury properly followed the Court's instructions in determining liability while totally ignoring the Court's instruction on damages. Under the facts of this case, the Court cannot in good conscience do so.
Accordingly, we reverse the final judgment rendered in this cause and remand for a new trial on all liability and damage issues raised by the pleadings.
REVERSED and REMANDED.
SAWAYA, C.J., and ORFINGER J., concur.
NOTES
[1] The issue of whether the aggrieved party is obligated to object to the verdict prior to the discharge of the jury is not raised in this appeal.