KHOUZAM, Judge.
In this breach of contract suit by a group of physicians against University Community Hospital, Inc. (UCH), the physicians appeal a final order on damages that was entered on remand following this court’s opinion in University Community Hospital, Inc. v. Wilson, 1 So.3d 206 (Fla. 2d DCA 2008). We affirm. We write to address the physicians’ arguments that they were entitled to nominal damages and lost fringe benefits.
This appeal arises from a breach of contract action that the physicians filed against UCH after it terminated its exclusive contract for radiology services with *858 Shear Ahearn, a professional association. The physicians are radiologists who were employed by Shear Ahearn. The circuit court entered final summary judgment on liability in favor of the physicians and awarded damages after a seventeen-day trial.[1]
UCH appealed. This court affirmed the judgment on the issue of liability and reversed on the issue of damages, stating:
The physicians presented, and the circuit court accepted, their expert’s calculations based on a five-year period that each physician would need to reclaim the same level of salary enjoyed at the time of the breach. The circuit court erred in accepting this as the proper measure of damages. The correct period during which to measure damages is the remaining term of the contract for clinical privileges. At a minimum, the rate of earnings for that period should be calculated based on each physician’s prior record of earnings.
Univ. Cmty. Hosp., 1 So.3d at 214-15 (footnote omitted). In a footnote, the court observed:
Given our disposition that the period of damages can only be the remaining term of each physician’s clinical privileges contract, a damages award based on a fairly straightforward calculation of average monthly salary is indicated, as Bernhardt [v. Jacksonville Medical Center, Inc.], 543 So.2d 833 [ (Fla. 1st DCA 1989) ], suggests. If the circuit court is guided by Bernhardt, it is unlikely that a trial as lengthy as the first seventeen-day trial on damages will be necessary to merely accept evidence relating to mitigation of damages in the fairly limited post-breach period of each physician’s clinical privileges contract term.
Id. at 214 n. 13. On remand, a five-day trial was held. The circuit court found one of the appellants was entitled to a significantly lower amount of damages and that the remaining appellants were not entitled to any — not even nominal — damages.[2] The physicians timely appealed.

NOMINAL DAMAGES

On appeal, the physicians argue that the trial court erred in failing to award nominal damages because, at the very least, an award of nominal damages is required as a matter of law where a breach of contract has been established. As a threshold issue, we note that a finding of breach of contract coupled with a finding of zero damages is not necessarily error. See Smith v. Fla. Healthy Kids Corp., 27 So.3d 692, 693 (Fla. 4th DCA 2010) (affirming jury verdict finding breach of contract and awarding zero damages); see also Sur. Mortg., Inc. v. Equitable Mortg. Res., Inc., 534 So.2d 780, 782 (Fla. 2d DCA 1988) (“It is not necessary to grant a new trial in all cases where the jury returns a zero verdict. In fact, where conflicting evidence exists concerning damages and reasonable men could believe that the plaintiff sustained no damages, a zero verdict will be upheld.”). Further, the Florida Supreme Court has held that nominal damages may be recovered in *859 cases where there is proof of injury but there is no evidence or insufficient evidence to show the actual amount of damages. See Hutchison v. Tompkins, 259 So.2d 129, 182 (Fla.1972). The instant case is not one where the evidence did not exist or was insufficient to show the amount of actual damages. Instead, the presented evidence supported a finding of zero damages, and thus the circuit court did not err in entering such an award. We reject the physicians’ argument that nominal damages must be awarded as a matter of law because it conflicts with the rule delineated by the Florida Supreme Court in Hutchison.
We observe, however, that the Fifth District has expanded the Hutchison rule. In MSM Golf, L.L.C. v. Newgent, the Fifth District stated, “At the very least, MSM was entitled to nominal damages once the jury found that the contracts had been breached by Newgent.” 853 So.2d 1086, 1087 (Fla. 5th DCA 2003). In Destiny Construction Co. v. Martin K. Eby Construction, the court indicated that it was error for the trial court to strike the complaint because “even if Destiny is not able to prove that it sustained actual damages as a result of the breach, Destiny would be entitled to recover nominal damages upon a showing of breach of contract.” 662 So.2d 388, 390 (Fla. 5th DCA 1995). And in Indian River Colony Club, Inc. v. Schopke Construction & Engineering, Inc., the court asserted that “Schopke would be entitled to nominal damages for the breach of contract by IRCC.” 619 So.2d 6, 8 (Fla. 5th DCA 1993). To the extent that the Fifth District cases MSM, Destiny, and Indian River Colony Club hold that nominal damages must be awarded where a plaintiff has shown a breach, we certify conflict.
We also note that most of the cases on which the physicians rely arose from very different procedural circumstances than the instant case. In Hutchison, the Florida Supreme Court reversed an order dismissing a complaint for failure to state a cause of action where the petitioner had not pleaded specific damages. 259 So.2d at 129, 132. Similarly, in Destiny, the Fifth District reversed a circuit court order striking a complaint and granting summary judgment where there was concern that the plaintiff had overstated its damages. 662 So.2d at 390-91. Both Onontario of Florida, Inc. v. R.P. Trucking Co., 399 So.2d 1117, 1118 (Fla. 4th DCA 1981), and King v. Saucier, 356 So.2d 930, 931 (Fla. 2d DCA 1978), involved appeals of directed verdicts based on the failure to show actual damages. In Indian River Colony Club, the Fifth District held that the trial court had properly denied the defendant’s motion for directed verdict at the close of the plaintiffs case because the plaintiff had proven a breach and nominal damages would be appropriate. 619 So.2d at 8. These cases stand for the proposition that a court cannot prematurely dismiss, enter summary judgment, or direct a verdict in cases where the plaintiff has proven or may prove a breach of contract because nominal damages may be awarded even if the evidence of actual damages is insufficient. Here, the physicians were given an opportunity to present evidence and request nominal damages in accordance with these cases.

FRINGE BENEFITS

The physicians also argue that the circuit court erred in failing to award damages for their lost fringe benefits because the court incorrectly determined that our prior decision mandated computing damages “based on a fairly straightforward calculation of average monthly salary” as used in Bernhardt, 543 So.2d 833. See Univ. Cmty. Hosp., 1 So.3d at 214 n. 13. Because the parties stipulated that the *860 trial judge would not make specific findings of fact, however, it is unclear to us how the court calculated damages. There is nothing either on the face of the written order or elsewhere in the record indicating that the circuit court declined to award fringe benefits at the second trial based on UCH’s interpretation of our prior decision. Indeed, the court’s award after the first trial shows that it rejected the physicians’ proposed damages calculation — which included fringe benefits. So the court’s treatment of fringe benefits did not change from the first trial to the second, and consequently, the physicians have failed to demonstrate error. We must affirm.
Affirmed; conflict certified.
DAVIS and CRENSHAW, JJ., Concur.

. The court awarded the following amounts to the physicians participating in this appeal: $165,573 to Dr. A. Raymond Brooker; $28,631 to Dr. David Epstein; $36,756 to Dr. Mark. H. Jaffe; $44,528 to Dr. Thomas A. Okulski; $24,347 to Dr. Jana Sulzer; $24,083 to Dr. Dario Topolcic; $28,718 to Dr. Enrique Urrutia; and $215,788 to Dr. James R. Wilson.

. Specifically, the circuit court found that Dr. Wilson was entitled to $19,850 in damages but that Dr. Brooker, Dr. Epstein, Dr. Jaffe, Dr. Okulski, Dr. Sulzer, Dr. Topolcic, and Dr. Urrutia were not entitled to any damages.