STEVENSON, J.
Trump International Golf Club, L.C. (“the Club”) challenges a final judgment requiring that it return a $200,000 membership deposit to member Harry Theodo-racopulos. The return of the deposit was predicated upon the lower court’s finding that the Club had effectively expelled Theodoracopulos. As this finding is not supported by the evidence, we are compelled to reverse.
To join the Club, Theodoracopulos was required to pay a $200,000 membership deposit and agreed to be bound by the Club’s rules. These rules gave the Club the authority to suspend or expel a member for “conduct injurious to the good order, welfare, interest or character of the Club.” Before imposing such suspension or expulsion, the Club rules required that the member be charged with the misconduct in writing and that the member be given an opportunity to be heard. On April 6, 2009, via letter, the Club suspended Theodoracopulos from the club “for the remainder of the season,” citing “unacceptable behavior” and abuse of caddies.
Theodoracopulos filed suit against the club, asserting his suspension had been imposed in violation of the Club’s rules and without affording him the opportunity to be heard.[1] As damages, Theodoracopulos sought both the return of the pro rata share of the annual dues owed for the period of his suspension and the return of his $200,000 membership deposit. After a bench trial, the trial court found that the Club violated its rules in suspending Theo- *189 doracopulos and demonstrated an “intent to permanently deny the Plaintiff his membership privileges.” The court found Theodoracopulos was not entitled to the return of the pro rata share of the annual dues as he had failed to meet his evidentia-ry burden, but ordered the Club to return the membership deposit as damages for the breach.
The Club contends the $200,000 damages award must be reversed because there was no competent, substantial evidence to support the underlying finding that the Club effectively expelled Theodo-racopulos. We agree.
The trial court stated in its final order that the Club’s “violation of its contractual obligations, as well as its derogatory expressions concerning the Plaintiff and its desire to ‘get rid of Plaintiff, are indicia of [the Club’s] intent to permanently deny the Plaintiff his membership privileges without regard to [the Club’s] own rules.” There was, admittedly, evidence suggesting that continued membership in the Club was a matter that rested entirely in the discretion of Donald Trump himself and that Trump made statements to Club staff indicating that he wished to get rid of Theodoracopulos and that Theodoracopu-los was a “cancer” on the Club. There was no evidence, however, that Donald Trump or the Club ever acted on Trump’s personal feelings or communicated to Theodoracopulos an intent to permanently expel him from the Club. The April 6, 2009 letter of suspension specifically stated the suspension was for only the remainder of the season. Subsequent correspondence from the Club’s managing director confirmed Theodoracopulos would be welcomed back next season, and the Club sent him a bill for the next season’s annual dues. In short, there was simply no evidence in the record of any action taken by the Club or Trump which resulted in Theo-doracopulos’s- actual expulsion from the Club. And, absent the expulsion, the $200,000 damages award cannot stand as the return of the entire membership deposit is not a reasonable measure of damages for the temporary suspension.
Accordingly, we reverse the order appealed. Since Theodoracopulos failed to prove entitlement to the return of the pro rata share of the annual dues for the period of the suspension, we remand to the trial court to consider the award of nominal damages in favor of Theodoracopulos. See Hutchison v. Tompkins, 259 So.2d 129, 132 (Fla.1972) (recognizing where there is “invasion of a legal right,” the plaintiff “may recover at least nominal damages”); Wilson v. Univ. Cmty. Hosp., Inc., 101 So.3d 857, 858-59 (Fla. 2d DCA 2012) (discussing nominal damages).

Reversed and Remanded.

MAY, C.J., and LEVINE, J., concur.

. Theodoracopulos also asserted a claim for breach of an oral contract, alleging that, during the attempts to resolve the conflict with the Club over his suspension, Donald Trump orally offered to return his membership deposit, in exchange for resignation. The trial court found against Theodoracopulos on this claim and that ruling is not challenged in this appeal.