478 So.2d 432 (1985)
Richard A. SENCY, Appellant,
v.
Carol Ann SENCY, Appellee.
No. 85-140.
District Court of Appeal of Florida, Fifth District.
November 7, 1985.
James Michael Murray of Young, Murray & Townsend, Rockledge, for appellant.
No appearance for appellee.
COWART, Judge.
This case involves the problem resulting from an ex-wife violating a prohibition against having an unrelated adult male live in an ex-marital home, the exclusive possession of which had been awarded to the wife and the children.
In a 1980 dissolution judgment the wife was given custody of the children and exclusive possession of the jointly titled marital home until the children reached 18 years of age or until the wife ceased using the home as the primary residence for herself and at least one of the two children. The judgment also provided: "No male over the age of 18 years not related by blood or marriage to the [wife] can live in *433 said residence." In addition to periodic monetary child support the husband was ordered to pay one-half of the mortgage payments, taxes and insurance on the former marital home.
In February, 1984, the ex-husband filed a petition alleging that the ex-wife had violated the prohibition against an unrelated adult male resident and requested a finding of contempt, a termination of exclusive possession and an order relieving the ex-husband of the obligations to pay mortgage payments, taxes and insurance and crediting him for such sums paid during the period of the wife's violation of the final judgment. The wife answered admitting an unrelated male adult resided in the former marital home and counterclaimed for an order directing the ex-husband to pay an accumulated arrearage on the mortgage, tax and insurance payments.
It was established at hearing that the unrelated adult male had lived in the former marital home since about June, 1981. The trial judge ordered the husband to pay the arrearages in the house related payments in three consecutive monthly installments and provided that the unrelated male was to vacate the house after the ex-husband paid one-third of the arrearage. The husband appeals and argues that the trial judge should have terminated the wife's exclusive possession and that he should have been relieved of the obligation to make the house related payments during the period the wife was in violation of the prohibition against a resident non-related adult male. We affirm.
Two wrongs do not make a right. The husband's remedy for the wife's breach of the final judgment was to have the court enforce the final judgment. He cannot forego that proper remedy, let time pass, and then insist that he should not obey the final judgment as to the house related payments. Exclusive possession given an ex-spouse and children of a marriage always constitutes an aspect of child support in kind and sometimes also constitutes an aspect of alimony. The requirement that the husband make the house related payments similarly relates to child support and, perhaps, spousal support. To the extent that these payments and exclusive possession were for the benefit of the children of the marriage they should not have been terminated because of the wife's actions violating the final judgment. If the exclusive possession in this case had been solely for the ex-wife's support, under the facts of this case the law would have provided the ex-husband a remedy other than specific enforcement of the non-residency provision. See Schneider v. Schneider, 467 So.2d 465 (Fla. 5th DCA 1985); Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983); Lambert v. Lambert, 403 So.2d 484 (Fla. 1st DCA 1981); Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981).
We approve the trial court not terminating the exclusive possession in this instance and ordering the husband to make the accumulated house related payments as originally ordered. However, the trial court should not have conditioned its enforcement of the prohibition against a non-related adult male resident on the husband's performance of its order. All aspects of the final judgment should have been enforced according to its terms.
AFFIRMED in Part; REVERSED in Part.
COBB, C.J., and UPCHURCH, J., concur.