PER CURIAM.
We reverse the appealed order which extinguishes appellee’s accrued obli *575 gation under the parties’ property settlement agreement to make mortgage payments on the marital home. Although the agreement is extremely poorly drafted, construction of the document as a whole shows appellee’s mortgage obligations are in the nature of support, most likely, child support. Cf. DePoorter v. DePoorter, 509 So.2d 1141, 1144 (Fla. 1st DCA 1987). The lower court could not, therefore, excuse this obligation based on the appellant/wife’s alleged violation of the provision that no unrelated male reside in the house. As this court explained in Sency v. Sency, 478 So.2d 432 (Fla. 5th DCA 1985), two such wrongs do not make a right. 478 So.2d at 433. Appellee was not entitled to ignore his financial obligations based on the breach of such a provision. He must instead avail himself of the remedies available to secure enforcement of that covenant or, if appropriate, obtain a modification.[1]
The lower court also erred in discharging this obligation upon appellant’s motion for contempt. Appellee filed no response to the motion nor any other pleading seeking relief from the mortgage payment obligation. Even if these mortgage payments were a feature of equitable distribution, it was improper for the court to award any sum as a set off in the absence of a claim for such contained in a pleading.[2] See e.g., Kratzer v. Reimiller, 552 So.2d 1188 (Fla. 5th DCA 1989).
REVERSED and REMANDED.
W. SHARP, PETERSON' and GRIFFIN, JJ., concur.

. We do not reach the remaining issues of enforceability of the cohabitation clause as drafted or whether the fact, as in the appealed order, that a man lived with appellant "on certain weekends” constituted a violation of the clause.

. Additionally, no cases have been cited to us authorizing the imputation of "rent” to a tenant in possession. Finally, the record suggests that there was no evidence adduced in support of the set-off amount, but this is uncertain since we have been provided only an approved statement of evidence, not a transcript.