784 So.2d 517 (2001)
Gene STEVENS, Appellant,
v.
CRICKET CLUB CONDOMINIUM, INC., Appellee.
No. 3D99-1390.
District Court of Appeal of Florida, Third District.
April 18, 2001.
Rehearing Denied May 23, 2001.
*518 Mark Perlman, Hallandale, for appellant.
Cole, White & Billbrough, and Bart Billbrough, for appellee.
Before LEVY, SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
Gene Stevens, plaintiff below, appeals from a final judgment entered following a non-jury trial. Because there is sufficient evidence to support the trial court's findings, we affirm.
At the time of the non-jury trial, only Counts III and V of the five count complaint remained. In Count III, Stevens, as class representative for the unit owners of Cricket Club Condominium, Inc., sought compensatory damages for breach of fiduciary duty against Cricket Club. Stevens claimed that the Cricket Club Board of Directors made false statements concerning new wiring and price savings in regard to cable television service.
In Count V, Stevens, again as class representative, sought compensatory damages against Cricket Club for breach of fiduciary duty concerning various financial misdeeds. Specifically, Stevens alleged that the Board of Directors spent funds from a 1992 special assessment on items other than those set forth in the Notice of Special Assessment. With regard to the 1992 special assessment, $50,000 was assessed to repair and resurface the pool area. However, the Board of Directors had the pool area cleaned rather than resurfaced, and only $2,005 was actually used for that purpose. The remaining funds were used to repair the south terrace, an area that leads to the pool.
The trial court found in favor of Cricket Club on Count III. With regard to Count V, the trial court found that Stevens had. sustained his burden of proof on the misapplication of the 1992 special assessment by the Board of Directors, but that he had not proven any damages. As a result, the trial court awarded nominal damages in the amount of $1.00. Stevens appeals the trial court's findings as to Count III and the award of only nominal damages for Count V. Cricket Club cross-appeals the trial court's finding as to Count V.
"As an appellate court, it is not our function to reweigh the evidence but, rather, to view the record to determine if it contains competent and substantial evidence to support the conclusions of the trier of fact." GNB, Inc. v. United Danco Batteries, Inc., 627 So.2d 492, 493 (Fla. 2d DCA 1993). "Upon appellate review, the findings of the trial court are presumed *519 correct." Citibank, N.A. v. Julien J. Studley, Inc., 580 So.2d 784, 785 (Fla. 3d DCA 1991). The record here supports the trial court's conclusions.
Before voting on and signing the cable contract, the Board of Directors held a "town meeting" at which two competing vendors explained what they were offering. All engineering reports, references, and contracts were made available for inspection by the unit owners. Thus, the Board of Directors did not mislead the unit owners, but instead allowed them to draw their own conclusions as to which cable company should be chosen.
With regard to the 1992 special assessment, the Board of Directors decided to use the funds to repair the south terrace rather than use the funds to repair and resurface the pool area. Stevens presented evidence that the south terrace was not considered part of the pool area. Consequently, the 1992 special assessment funds were misapplied, as they were not used for their stated purpose.
"[N]ominal damages can be awarded when a legal wrong has been proven, but the aggrieved party has suffered no damages ... or where ... recoverable damages were not proven." Continuum Condo. Ass'n v. Continuum VI, Inc., 549 So.2d 1125, 1127 (Fla. 3d DCA 1989). When Stevens charged the Board of Directors with misapplying funds, the Board of Directors returned the 1992 special assessment funds to the unit owners and then specially assessed the funds necessary to repair the south terrace. Although Cricket Club did misapply funds, supporting a judgment for Stevens, Stevens failed to prove that he suffered any damages due to that misapplication, and thus an award of nominal damages was proper.
Therefore, both Stevens' appeal and Cricket Club's cross-appeal are affirmed.