COPE, C.J.
This is an appeal from a declaratory judgment regarding the terms of a settlement agreement. We affirm.
Appellants are Lower Florida Keys Health Systems, Inc. (“LFKHS”) and Key West HMA, Inc. (“HMA”). LFKHS operated the Lower Florida Keys Hospital until April 30, 1999 when HMA took over operation pursuant to a contract between LFKHS and HMA.[1] Appellee Beacon Health Plans, Inc. (“Beacon”) is a Health Maintenance Organization (“HMO”) the members of which were provided services by the hospital from 1997 until July 1999. During LFKHS’ operation of the hospital, LFKHS and Beacon had ongoing disputes about payment for services rendered and LFKHS eventually claimed that Beacon owed it several hundred thousand dollars.
In early 1999 LFKHS was preparing to hand over operation of the hospital to HMA and sought to settle its outstanding claims with Beacon prior to transfer. Both parties agree that a settlement was reached and that Beacon paid $583,993.18. They dispute other terms of the settlement agreement. LFKHS claims that the terms of the settlement agreement were reflected in an April 1, 1999 letter from LFKHS to Beacon. Beacon claims that the terms were set forth in an April 19, 1999 Settlement Agreement and Release signed by LFKHS.
After a non-jury trial, the court found that there had been an oral settlement agreement. The trial court agreed with Beacon’s version of the settlement. LFKHS and HMA appeal.
Appellants argue that the trial court erred in not finding that the April 1 letter and payment resulted in an enforce *87 able agreement and in finding the April 19 release enforceable. We cannot agree. While the evidence regarding the settlement was sharply disputed, the trial court’s findings are supported by competent substantial evidence. As we are not at liberty to reweigh that evidence, we must affirm on this point. See Stevens v. Cricket Club Condominium, Inc., 784 So.2d 517, 518-19 (Fla. 3d DCA 2001) (finding that an appellate court’s function is not to reweigh the evidence, but to determine if the record contains competent substantial evidence to support the conclusions of the trier of fact, and that the trial court’s findings are presumed correct); Raulerson v. Metzger, 375 So.2d 576 (Fla. 5th DCA 1979) (if there exists any substantial competent evidence on the record, the findings of fact must stand and the judgment entered thereon must be affirmed).
Appellants also argue that the trial court erred on the issue of set-off. The trial court found that in exchange for Beacon’s payment of $583,993.18, LFKHS released Beacon from any claims for services LFKHS rendered on • or before April 1, 1999. However, the evidence showed that after the settlement, LFKHS and its successor HMA submitted a significant number of claims with service dates on or before April 1, 1999, and Beacon erroneously paid them. The sum of $139,000 was paid in error to LFKHS and $300,000 to HMA for a total of $439,000. .
Upon realizing the error, Beacon set off the total sum of $439,000 against invoices which had been submitted by HMA for services rendered after April 1. These set-offs occurred in May, June and July, 1999.
Appellants argue that the setoffs violated subsection 641.3155(4), Florida Statutes (1999). We do not agree.
The statute states in relevant part:
(4)Any retroactive reductions of payments or demands for refund of previous overpayments which are due to retroactive review of coverage decisions or payment levels must be reconciled to specific claims'unless the parties agree to other reconciliation methods and terms....
§ 641.3155(4), Fla. Stat. (1999)(emphasis added).
The setoffs started in May, 1999, but subsection (4) did not take effect until June 18, 1999. Ch. 99-393, §§ 5, 18, Laws of Fla. For those setoffs occurring prior to June 18, 1999 subsection (4) did not yet exist and there was no statutory limitation on the right of setoff.
For the remaining setoffs, subsection (4) was in effect but we conclude there was no statutory violation. By its terms subsection (4) applies where there is a demand for refund of previous overpayments “due to retroactive review of coverage decisions or payment levels.... ” Id. Where that occurs, the adjustments must be reconciled to specific claims. Id.
The present case does not involve such issues. In the present case Beacon erroneously paid claims which had already been released by LFKHS. This is akin to a situation in which an HMO erroneously pays the same claim twice. We do not think the statute applies to the situation now before us.
Appellants argue that, apart from the statutory issue, the setoffs were inequitable. We conclude that the trial court’s analysis on that issue was correct. We have carefully considered appellant’s arguments to the contrary but are not persuaded thereby.
Affirmed.

. The hospital building and land are owned by other entities.