GERBER, J.
The appellant, an attorney who was sued in the trial court for legal malpractice, appeals the trial court’s order granting a motion for additur and subsequent motion for new trial on damages in favor of appel-lees Robert K. Blake, Jr. and Blake Development Corporation (“the developers”). The attorney argues that the trial court erred as a matter of law in granting the additur and, therefore, erred as a matter of law in granting the new trial. We agree with the attorney and reverse.
According to the developers’ suit, the attorney jointly represented the developers and investors James F. Ellis and Ellis Diversified, Inc. (“the investors”) on a real estate project. The investors were to provide capital for the project, and the developers were to build the project. However, the investors and the developers never agreed to a written contract.
Eventually, the developers and the investors ended up in a dispute over money. In the dispute, the attorney represented the investors.
The developers sued the investors for breach of contract and unjust enrichment, *244 and sued the attorney for legal malpractice. The suit against the attorney alleged that the attorney negligently failed to disclose to the developers that he had a conflict of interest, and negligently failed to obtain the developers’ consent to waive the conflict.
The suit went to a jury trial. On the breach of contract and unjust enrichment claims against the investors, the jury found for the developers and determined the amount of the developers’ damages on each count.[1]
On the legal malpractice claim against the attorney, the jury was asked: “Was there an attorney-client relationship between [the developers], on the one hand, and [the attorney], on the other hand, and, if so, was [the attorney] negligent in his representation of [the developers] resulting in damage to either or both of them?” The jury answered: “Yes.” The jury then was asked: “[P]lease state the amount of damage which you find [the developers] suffered as a result of [the attorney’s] legal malpractice.” The jury answered: “[Zero].”
After the trial, the developers moved for an additur to the jury’s zero damages verdict against the attorney. According to the developers, the jury’s verdict was inadequate and failed to comport with the manifest weight of the evidence in light of the jury’s finding that the attorney’s negligence resulted in damage to the developers. The developers requested that the court add at least nominal damages against the attorney.
The trial court entered an order granting the developers’ motion for additur in the sum of ten dollars. In the order, the trial court reasoned:
The jury by its verdict determined that, while [the developers] proved that [the attorney] was negligent[,] causing damage to them, [the developers] failed to prove their actual damages. [The developers] failed to offer damage evidence specifically resulting from [the attorney’s] alleged negligence, and [the developers] did not make any damage argument during their closing related to their claims against [the attorney].
[The developers’] motion for additur argues that a nominal damage award is appropriate ....
An award of nominal damages is appropriate when a legal wrong has been proven, but the aggrieved party has suffered no damages or where the recoverable damages are not proven. Stevens v. Cricket[] Club Condominium, Inc., 784 So.2d 517 (Fla. 3d DCA 2001); Mu-roff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980).
After entry of the order granting the motion for additur, the developers filed a motion for new trial on the issue of damages against the attorney. The developers argued that they objected to the amount of the additur and, therefore, they were entitled to a new trial on damages against the attorney pursuant to section 768.74(4), Florida Statutes (2011). Section 768.74(4) states:
If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.
§ 768.74(4), Fla. Stat. (2011). See also Waste Mgmt., Inc. v. Mora, 940 So.2d 1105, 1109 (Fla.2006) (plaintiffs who received a jury award for inadequate dam *245 ages and who objected to additur imposed by trial judge were “party adversely affected” and, thus, were entitled to a new trial on damages).
The trial court granted the motion for new trial. The attorney then filed this appeal. The attorney argues that no legal basis existed for the additur and, therefore, no legal basis existed for the new trial.
We agree with the attorney’s argument. We initially examine our standard of review before turning to our reasoning.
Ordinarily, we review an order granting a motion for additur or an order granting a motion for new trial for an abuse of discretion. See, e.g., Street v. H.R. Mortg. & Realty Co., 949 So.2d 1158, 1161 (Fla. 4th DCA 2007) (“A trial court’s determination regarding additur may be reversed on appeal only where there is a clear abuse of discretion.”) (citation and quotations omitted); Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999) (“When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion.”).
However, to the extent the trial court’s orders were based on conclusions of law, we apply de novo review. Cf. Van v. Schmidt, 122 So.3d 243, 246 (Fla.2013) (“[A]n appellate court properly applies a de novo standard of review to a trial court’s conclusions of law in an order granting a new trial based on the manifest weight of the evidence, giving no deference to the trial court’s legal conclusions.”).
Applying the foregoing standards of review to the trial court’s findings of fact and conclusions of law, we conclude that the trial court erred in granting the developers’ motion for additur. The court correctly found that the developers failed to offer evidence of damages specifically resulting from the attorney’s alleged negligence, and that the developers did not make any argument as to damages during their closing argument related to their claims against the attorney. However, despite those findings of fact, the court nevertheless concluded as a matter of law that an award of nominal damages was appropriate as an additur. This conclusion of law was error in four respects.
First, neither the developers’ motion for additur, nor the court’s order granting the additur, nor the record, indicates the existence of any of the criteria set forth in section 768.74(5), Florida Statutes (2011), which would have justified granting any additur. Section 768.74(5) states:
In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that *246 it could be adduced in a logical manner by reasonable persons.
§ 768.74(5), Fla. Stat. (2011) (emphasis added). See also Adams v. Wright, 403 So.2d 391, 395 (Fla.1981) (“[T]he order for a new trial is deficient because it does not contain reference to the record in support of its conclusion that additur of the jury award is necessary to cure the inadequacy of the verdict .... We, therefore, have made an independent review of the record in search of support of that conclusion, and we find none.”); Adams v. Saavedra, 65 So.3d 1185, 1189 (Fla. 4th DCA 2011) (reversing remittitur order where the order merely mimicked the statutory factors and did not provide record support for the remittitur).
Second, the jury could have reached its verdict in a manner consistent with the evidence without justifying any additur. As the trial court observed in its order, the developers failed to offer evidence of damages specifically resulting from the attorney’s alleged negligence, and the developers did not make any argument as to damages during their closing argument related to their claims against the attorney. Thus, the developers failed to prove that they were entitled to any damages. See Smith v. Fla. Healthy Kids Corp., 27 So.3d 692, 694 (Fla. 4th DCA 2010) (“It is not necessary to grant a new trial in all cases where the jury returns a zero verdict. In fact, where conflicting evidence exists concerning damages and reasonable [persons] could believe that the plaintiff sustained no damages, a zero verdict will be upheld.”) (citation and quotations omitted); Ortlieb v. Butts, 849 So.2d 1165, 1167 (Fla. 4th DCA 2003) (“[W]here the evidence is conflicting and the jury could have reached its verdict in a manner consistent with the evidence, it is error for the trial court to veto the jury verdict by granting a motion for additur.”) (citation omitted).
Third, we question whether nominal damages are recoverable on a legal malpractice claim given that the claim does not accrue until redressable harm occurs. See Coble v. Aronson, 647 So.2d 968, 970 (Fla. 4th DCA 1994) (“The test for determining when a cause of action for attorney malpractice has accrued is whether the existence of redressable harm has been established.”) (emphasis added; citation omitted). The cases upon which the trial court relied for the proposition that nominal damages are appropriate when a legal wrong has been proven are inapplicable because they involved claims which allow for nominal damages. See Stevens, 784 So.2d at 519 (allowing nominal damages to be awarded for a breach of fiduciary duty claim); Muroff, 386 So.2d at 1284 (“Nominal damages may be awarded when the breach of an agreement or invasion of a right is established, since the law infers some damage to the injured party ....”) (citation and quotations omitted).
Fourth, even if nominal damages were available for a legal malpractice claim, the developers waived entitlement to nominal damages because they did not request a jury instruction regarding nominal damages or request nominal damages during their closing argument. See H & U Foods, Inc. v. Ellison, 439 So.2d 923, 924 (Fla. 4th DCA 1983) (“The primary reason for granting a new trial, as set out in the court’s order, was the jury’s failure to award at least some damages even if nominal. We reject this reason.... In closing argument, plaintiffs counsel sought only actual damages .... Further, the jury was not instructed on nominal damages ....”) (emphasis omitted).
In their answer brief, the developers argue that the attorney should be held liable for the amount of the jury’s verdict *247 on the breach of contract claims against the investors, because the attorney’s negligence allegedly was responsible for the court’s later entry of a directed verdict in favor of the investors on those claims. However, the developers did not present this measure of damages against the attorney during the trial. Thus, the developers are not entitled to a “second bite at the apple” via a motion for additur or new trial. Cf. Morgan Stanley & Co. v. Coleman (Parent) Holdings, Inc., 955 So.2d 1124,1131 (Fla. 4th DCA 2007) (“[A] plaintiff is not entitled to a second ‘bite at the apple’ when there has been no proof at trial concerning the correct measure of damages.”) (citation omitted).
Because the court erred in finding that nominal damages were appropriate as an additur, no legal basis existed for the developers to seek a new trial pursuant to section 768.74(4) as the “party adversely affected” by the additur.
Based on the foregoing, we reverse the trial court’s orders granting the developers’ motion for additur and the developers’ motion for new trial. We remand with directions to the trial court to reinstate the jury verdict on the developers’ claim against the attorney and to enter final judgment accordingly.

Reversed and remanded with directions.

DAMOORGIAN, C.J., and MAY, J., concur.

. The trial court later entered an order granting the investors' motion for directed verdict on the breach of contract claims, thus reducing the amount of the developers’ judgment against the investors to the amount of the jury's verdict on the unjust enrichment claim. That order is the subject of a separate appeal in case no. 4D12-472.