May, J.
The former wife appeals a final judgment of dissolution awarding her exclusive use and possession of the marital home, but leaving title in the name of both parties. She argues the trial court erred in not awarding her 100% of the home, not ordering the former husband to pay prior and future expenses for the home, and in not awarding her alimony, attorney’s fees, and costs. We affirm except for the trial court’s failure to address the issue of attorney’s fees and costs.
The former wife lived with the former husband in the marital home for about 25 years. She filed a sworn statement, attesting that the former husband vacated the marital home nine years prior to the proceedings. She attested that she paid around $40,000 in property taxes and homeowner’s association fees after the husband vacated the home. The former husband did not contribute to the home expenses nor child support after vacating the home. She claimed to have subsisted off of her disability checks. Due to illness, she was unable to obtain gainful employment until 2011 and was laid off shortly thereafter.
In 2013, the former wife petitioned for dissolution of marriage. Although she asked for alimony in the alternative, her primary goal was to obtain full ownership *380 of the marital home through equitable distribution. She also requested attorney’s fees and costs. The former wife’s financial affidavit showed a gross monthly income of $1,219 while the former husband’s financial affidavit indicated a gross monthly income of $3,158.
The former husband answered and counter-petitioned. He requested sale of the former marital home with the proceeds to be “divided among the parties in proportion to their respective interests,” or that he receive “the temporary exclusive use and permanent ownership of the marital home.”
The parties prepared a statement of the evidence in lieu of providing a transcript.[1] The statement reflects the former wife testified that the home had special features, including a special electric generator and an open floor plan. The former husband testified that there was nothing special about the home. It was a builder model similar to like models in the neighborhood. The former husband testified that he is disabled and unemployed. He collects social security, which is $289 more than the former wife’s monthly disability payments.
In closing, the former wife argued that the former husband had superior assets and financial ability, which she believed weighed in favor of awarding the home to her. She requested equitable distribution of the marital home. Alternatively, she requested 75% of the proceeds if the home is sold, and that the former husband pay half of the homeowner’s expenses exceeding $500. The former husband disagreed and requested that the home be sold with the profits split 50/50.
The trial court articulated its ruling at the end of the hearing. It ordered the former wife receive exclusive use and possession of the marital home with a 50/50 split of the proceeds upon its sale. The court requested the parties to submit proposed final judgments. After not having received a proposed final judgment from the former wife, the court set the matter for a status conference.[2] Ultimately, the trial court signed the former husband’s proposed final judgment.
The trial court awarded the former wife exclusive use and possession of the marital home until her death or remarriage, and ordered her responsible for “all usual and customary expenses.” In the event the home was sold, the proceeds were to be split 50/50. The judgment indicated that the court considered the relevant factors for alimony and equitable distribution: (1) the standard of living established during the marriage; (2) the duration of the marriage; (3) the age and physical emotional condition of each party; (4) the financial resources of each party; (5) the earning capacities and educational levels of each; (6) the contribution of each party to the marriage; (7) all sources of income available to each; and (8) the opinion in Anderson v. Anderson, 489 So.2d 1232 (Fla. 1st DCA 1986). The judgment was silent regarding alimony and the former wife’s request for attorney’s fees and costs.
The former wife moved for rehearing, which the court denied. She now appeals.
The former wife argues the trial court erred in equitably distributing the marital assets. She argues the court failed to make the specific written findings required by section 61.075, Florida Statutes (2015). She *381 also argues the court erred in failing to award her alimony. As an equal owner of the home, she argues the former husband should be responsible for half of the expenses and reimbursement for all repair expenses incurred after the former husband left the marital home. And last, she argues the court erred in failing to award her attorney’s fees and costs.
The former husband responds that the former wife improperly relies on her own self-serving statements attached to her motion for rehearing and not the record evidence. The court correctly awarded the former wife exclusive possession of the home as not only alimony, but equitable distribution of the only marital asset. The former wife invited error by requesting exclusive ownership of the home in lieu of alimony. He argues that the trial court complied with section 61.075 by listing its factors in the final judgment. With regard to attorney’s fees and costs, the former husband argues that the issue may have been waived, which cannot be determined without a transcript.
We review a trial court’s decision on the equitable distribution of marital assets and liabilities for an abuse of discretion. Pierre v. Pierre, 185 So.3d 1264, 1265 (Fla. 4th DCA 2016).
This is a case that reflects the old adage: “Be careful what you wish for.” Here the former wife requested ownership of the marital home. In fact, she asked for the home in lieu of alimony. The trial court essentially awarded her a life estate in the home as she was given full and exclusive possession of it. If however she sold the home, remarried, or died, the ownership of the home or proceeds from its sale would be split 50/50. So she did not receive all that she wished for, but did receive exclusive possession and use of the marital home.
When a court is equitably distributing assets, the starting point is an equal division of those assets. § 61.075(1), Fla. Stat. (2015). Here, the only marital asset in existence was the marital home. The court gave each party fifty percent ownership in that asset if the former wife sold the home, remarried, or died. She otherwise had exclusive possession of it. The court listed all the relevant factors under section 61.075, but did not analyze them.
The court also indicated that it relied upon Anderson v. Anderson, 489 So.2d 1232, 1234 (Fla. 1st DCA 1986), in reaching its decision. There, the First District also ordered the trial court to award the former wife exclusive possession of the home, as the trial court did here, with a 50/50 split upon remarriage, death, or sale of the home. “The critical question is whether the award is equitable and just given the nature of the case.” Id. (citing Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980)). The award here was equitable under the facts of this case, and we will not disturb it.
We also find no error in the court not ordering the former husband responsible for half of the expenses associated with the home. Unlike Anderson, where there was a significant financial disparity between the spouses’ income, here there was little financial disparity between the parties. The former wife was accustomed to not receiving financial support from the former husband since he left the marital residence nine years before the dissolution. The trial court was not required to hold the former husband responsible for future expenses of a home he was no longer permitted to live in. He had his own living expenses, which he outlined in his financial affidavit.
“In determining whether to award alimony or maintenance, the court shall first *382 make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay .,,. ” § 61.08(2), Fla. Stat. (2015). “The Court may provide for equitable distribution of marital assets and liabilities without regard to alimony for either party. After the determination of an equitable distribution of the marital assets and liabilities, the court shall consider whether a judgment for alimony shall be made,” § 61.075(9), Fla. Stat. (2015).
Here, the former wife waived her claim for alimony by specifically requesting the marital home in lieu of alimony. She cannot now argue the court erred in not awarding alimony. She invited the error. See Shingledecker v. State, 734 So.2d 483, 484 (Fla. 4th DCA 1999) (“A party may not invite error at trial and then be heard to complain of that error on appeal.”). By waiving her claim for alimony, the trial court was not required to make factual findings under section 61.08(2), Florida Statutes.
Even if the former wife had not waived alimony, she did not prove entitlement to it. The evidence revealed the former husband’s net income was less than the former wife’s. Because a spouse’s ability to pay may be determined from net income rather than gross income, the record demonstrated the former husband lacked the ability to pay. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). And, “[exclusive possession given an ex-spouse ... sometimes [ ] constitutes an aspect of alimony.” Nolan v. Nolan, 100 So.3d 170, 171-72 (Fla. 5th DCA 2012).
The final judgment is however silent on the issue of attorney’s fees. “The standard for awarding attorney’s fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay.” Derrevere v. Derrevere, 899 So.2d 1152, 1153 (Fla. 4th DCA 2005). Section 61.16(1), Florida Statutes, provides that a trial court “may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees.” § 61.16(1), Fla. Stat. (2015) (emphasis added).
Here, the trial court tacitly denied the requests for attorney’s fees and costs. Both parties requested fees, but the judgment does not address the issue. The court should have addressed the issue by making “specific findings of fact—either at the hearing or in the written judgment—supporting its determination of entitlement [or lack of entitlement] to an award of attorney’s fees.” Fichtel v. Fichtel, 141 So.3d 593, 596 (Fla. 4th DCA 2014) (citation and internal quotations omitted). We therefore reverse and remand only on the issue of attorney’s fees and costs.

Reversed and Remanded.

Ciklin, C.J., and Kuntz, J., concur.

. The former wife filed a declaration providing more detail of the facts leading to the petition for dissolution. The statement of the evidence does not include most of the facts found in the declaration.

. The former wife claimed to have submitted two proposed final judgments, and provided mail receipts. Neither. of them apparently reached the trial court.