DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MELANIE DUFOUR,**
Appellant,

v.

**ERNEST DAMIANI,**
Appellee.

No. 4D17-656

[December 13, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 502013DR007707 XXXXNB.

John F. Schutz and Ralph T. White of Schutz & White, LLP, West Palm Beach, for appellant.

No appearance for appellee.

KLINGENSMITH, J.

Melanie Dufour (the Wife) appeals the trial court's denial of her motion for contempt filed in response to Ernest Damiani's (the Husband) failure to pay one-half of the mortgage on their marital home pursuant to a marital settlement agreement incorporated into a final judgment of dissolution. The Wife argues on appeal that her exclusive use and possession of the home and the Husband's obligation to pay one-half of the mortgage was an aspect of child support, enforceable by the trial court's contempt powers. The Husband asserts that his obligation to pay one-half of the mortgage ended when the Wife filed a tax return and claimed her mother as a dependent. Based on the facts presented here, we agree with the Wife and reverse the order denying the motion for contempt.

"A contempt order is reviewed for an abuse of discretion or fundamental error." *Ford v. Ford*, 153 So. 3d 315, 317 (Fla. 4th DCA 2014). However, "[a]s with any contract, a marital settlement agreement is construed as a matter of law." *Levitt v. Levitt*, 699 So. 2d 755, 756 (Fla. 4th DCA 1997). "As such, this court is on equal footing with the trial court as interpreter

of the written document." *Id.* Therefore, if a trial court's ruling is based on the interpretation of a settlement agreement, then it is a decision of law reviewable de novo. *See Schwartz v. Greico*, 901 So. 2d 297, 299 (Fla. 2d DCA 2005). Similarly, conclusions of law by lower tribunals are reviewed by this court on a de novo basis. *Van v. Schmidt*, 122 So. 3d 243, 259 (Fla. 2013) (holding that "an appellate court reviews the trial court's conclusions of law de novo"); *see also Bluth v. Blake*, 128 So. 3d 242, 245 (Fla. 4th DCA 2013) ("[T]o the extent the trial court's orders were based on conclusions of law, we apply de novo review.").

The parties' marital settlement agreement stated, in relevant part:

> The Husband and Wife agree to jointly retain ownership of the marital home and be responsible until such time that the house is sold or the Wife refinances. *The Wife shall have exclusive use and possession of the home and reside in the home with the two children only. In the event that anyone other than the Wife and the two children are residing in the home, the Husband's responsibility to pay half the mortgage will be suspended without interfering with the Husband's equitable interest in the property at the time of the sale or refinance as described below.*
>
> The Husband and the Wife will equally share the mortgage on the marital property and reasonable maintenance costs, as agreed to by the parties, from time to time, until such time as they mutually agree to sell the property at a price mutually agreed upon.

(Emphasis added).

The Wife testified before the general magistrate that she paid her mother $6,800 to "help her live." However, testimony from a third party revealed that the mother had lived with that third party since March of 2013, and not with the Wife. The third party also testified that she did not charge the mother rent, and that the mother paid for nothing other than groceries, despite the Wife's assertion to the contrary. The Husband argued that his obligation to pay one-half of the mortgage on the marital home ended once the Wife filed her 2014 tax return and claimed her mother as a dependent. The Husband referred to an I.R.S. Publication in his testimony and the magistrate interpreted his argument as follows:

> [A] parent can be claimed as a dependent and you as the Child can file as 'Head of Household' even if you[r] parent doesn't

live with you. *However, you must be able must provide more than half the cost of keeping up a home that was the main home for the entire year for your dependent parent.*

(Emphasis added).[1]

The magistrate made various findings of fact, including that the Wife and the children were the only occupants of the home dating back to March 2013, approximately six months before the marital settlement agreement was both signed and ratified by the trial court. The Wife failed to prove that she provided more than half the cost of the mother's living expenses for an entire year, and was not entitled to claim the dependency exemption. In essence, the magistrate found that the Wife had perpetrated a fraud on the I.R.S. But, because the Wife claimed the exemption, the Husband's obligation to pay one-half of the mortgage on the marital home ended as of January 1, 2014.

The magistrate also concluded that even if the Husband's obligation to pay one-half of the mortgage had remained in effect, the Wife could not seek civil contempt for non-payment of the mortgage. *See Burke v. Burke*, 336 So. 2d 1237, 1238 (Fla. 4th DCA 1976) ("[T]he contempt process may not be utilized to enforce payments required under a property settlement agreement, such payments being enforceable only as ordinary claims between a creditor and a debtor."); *Filan v. Filan*, 549 So. 2d 1105, 1105 (Fla. 4th DCA 1989) ("If an obligation is in the nature of settlement of property rights as opposed to alimony, support or maintenance of one to whom the duty is owed, the contempt power of the court cannot be invoked."). Therefore, the magistrate found that the Wife could, at best, only receive a money judgment against the Husband for his unpaid portion of the mortgage.

After the Wife filed exceptions to the magistrate's recommendations, the trial court entered an order denying the motion for contempt. This appeal followed.

It is well settled that the enforcement of debts not involving support through a motion for contempt violates the Florida Constitution's provision prohibiting imprisonment for debt. *See Whelan v. Whelan*, 736 So. 2d 732, 733-34 (Fla. 4th DCA 1999). However, there may be times where a former spouse's payment of certain debts may be deemed support, which allows

---

[1] The wording of this excerpt from the record is similar to 26 U.S.C. § 152(d) (2008), which defines "dependent" and lists the requirements for an individual to be classified as a "qualifying relative."

for enforcement through contempt. *See id.* "Exclusive possession given an ex-spouse and children of a marriage always constitutes an aspect of child support in kind and sometimes also constitutes an aspect of alimony. The requirement that the husband make the house related payments similarly relates to child support and, perhaps, spousal support." *Sency v. Sency*, 478 So. 2d 432, 432 (Fla. 5th DCA 1985).

Particularly instructive on this issue is the Fifth District's decision in *Douglas v. Douglas*, 616 So. 2d 574, 575 (Fla. 5th DCA 1993). There, the parties entered into a marital settlement agreement containing a provision that no unrelated male would reside in the house while the wife maintained exclusive possession. *Id.* The court stated, "Although the agreement is extremely poorly drafted, construction of the document as a whole shows appellee's mortgage obligations are in the nature of support, most likely, child support." *Id.* The court held that the husband could not ignore his financial obligations based on the breach of such a provision, and found that the trial court erred in discharging the obligation upon the wife's motion for contempt because the husband "filed no response to the motion nor any other pleading seeking relief from the mortgage payment obligation." *Id.*

"Exclusive possession given an ex-spouse and children of a marriage always constitutes an aspect of child support in kind[.]" *Sency*, 478 So. 2d at 432; *see also Arze v. Sandough-Arze*, 789 So. 2d 1141, 1145 (Fla. 4th DCA 2001) (recognizing that an award of exclusive use and possession of the marital home must serve a special purpose). In this case, the agreement was unambiguous in its provision detailing the exclusive possession of the marital home. It clearly stated that the Wife would reside in the home with the children, and no one else. If another person resided in the home after the ratification of the property settlement agreement, then the Husband's obligation to pay one-half of the mortgage would be suspended. Therefore, the Husband's obligation to pay one-half of the mortgage on the marital home was an aspect of support. *See Sency*, 478 So. 2d at 432. When a party fails to fulfill a support obligation, a motion for contempt is a proper remedy. *See Whelan*, 736 So. 2d at 732. Although the magistrate concluded that the Wife falsely claimed her mother as a dependent, nothing in the agreement provided that "perpetrating a fraud on the I.R.S." would allow the Husband to suspend his obligation to pay one-half of the mortgage.

We reverse the denial of the Wife's motion for contempt and remand for further proceedings in accordance with this opinion.

*Reversed and remanded.*

4

CIKLIN and CONNER, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*