DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ONAS E. ALIFF,** as personal representative for the
**ESTATE OF TIMOTHY B. ALIFF,**
Appellant,

v.

**STEVEN WEISS, M.D., P.A.,** et al.,
Appellees.

No. 4D2023-1926

[October 16, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Daniel A. Casey, Judge; L.T. Case Nos. CACE-17-013503 and CACE-19-000520.

Walter J. Taché and Jessica Melendez of Tache, Bronis and Descalzo, P.A., Miami, for appellant.

Brigid F. Cech Samole of Greenberg Traurig, P.A., Miami, Jon L. Swergold and John L. McManus of Greenberg Traurig, P.A., Fort Lauderdale, and Katherine M. Clemente of Greenberg Traurig, LLP, New York, New York, for appellees.

DAMOORGIAN, J.

Onas E. Aliff, as personal representative for the Estate of Timothy B. Aliff ("the Estate"), appeals: (1) the final judgment entered in the underlying breach of contract dispute, specifically the portion of the judgment awarding additur; and (2) an earlier partial summary judgment entered on the Estate's laches defense. We affirm the partial summary judgment without further comment. For the reasons discussed below, we reverse the portion of the final judgment awarding additur and remand for the trial court to reinstate the jury's verdict.

This case arises from a dispute over a contract to purchase an interest in a medical practice. In 2007, Dr. Timothy B. Aliff ("Decedent") and Dr. Steven Weiss ("Dr. Weiss") executed a stock purchase agreement wherein Decedent agreed to purchase a 50% ownership interest in Steven Weiss, M.D., P.A. d/b/a Northwest Oncology and Hematology Associates

("the Practice") for $833,451. Under the agreement, Decedent agreed to pay the purchase price by assigning to Dr. Weiss 65% of all bonuses which he was entitled to receive from the Practice. To memorialize the debt owed under the stock purchase agreement, Decedent also executed a promissory note in the original principal amount of the purchase price. Under the note, interest was to accrue at the rate of 5% per annum. Upon default, the interest rate would increase to the maximum rate of interest allowable under Florida law.

In 2014, Dr. Weiss sold the majority of the Practice's assets to the University of Miami. Dr. Weiss and Decedent thereafter became University of Miami employees. In late 2017, after the wind-down of the Practice's operations, Dr. Weiss demanded payment from Decedent for the note's outstanding balance, along with default interest retroactive from 2014. By that time, Decedent had paid $354,629.85 towards the note.

Litigation between the parties then ensued, with Decedent filing suit against Dr. Weiss in 2017 for declaratory judgment, unjust enrichment, and an accounting. Dr. Weiss countersued for reestablishment of a lost instrument and breach of contract. In 2018, Decedent passed away and the Estate was substituted in his place. The Estate thereafter raised several affirmative defenses to Dr. Weiss's breach of contract counterclaim, including fraudulent or negligent misrepresentation and setoff. This appeal primarily concerns Dr. Weiss's breach of contract counterclaim and the Estate's affirmative defenses.

At the ensuing jury trial, Dr. Weiss requested the jury award him $1,931,453.24 in damages on the breach of contract counterclaim. This amount included $575,900 in outstanding principal, $148,774.14 in pre-breach default at the rate of 5% per annum, and $1,206,779.10 in post-breach interest at the statutory rate of 25% (the maximum interest rate allowable under Florida law). During closing argument, the Estate's attorney told the jury the following regarding damages:

> Now, when you go back there, I want you to know **you can decide whatever number you want**. You don't have to go with my number, you don't have to go with zero, you don't have to go with 60, you don't have to go with $1.9 million, you can whatever you think. That is the beauty of being a juror, you are in control. You can decide we win everything, you can decide they win everything. We ask you to agree with us and decide that we are right and award zero, but you have the decision to make, and you have the authority to do whatever

you want, you don't have to listen to us, and by "us," I mean the lawyers. You do have to follow the Judge's instructions.

(Emphasis added). Dr. Weiss did not object to these comments or otherwise seek to correct the comments during rebuttal closing. Consistent with the Estate's closing comments, the trial court thereafter instructed the jury as follows regarding contract damages:

Now we are going to talk about contract damages. If you find for the Estate of Timothy Aliff, you will not consider the matter of damages on the contract claimed by Dr. Weiss. **But if you find for Steven Weiss, you should award Steven Weiss an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Dr. Weiss for his damages**.

(Emphasis added).

On the special verdict form for the breach of contract counterclaim, which both parties approved, the jury was asked to determine whether Decedent breached his contract with Dr. Weiss, and if so, what Dr. Weiss's damages were for that breach. The jury was then asked the following question: "If you awarded Steven Weiss damages . . . , did the Estate of Timothy Aliff prove it was entitled to a set-off against the amount of damages you awarded Steven Weiss?" If yes, the jury was instructed to enter a setoff amount. Notably, the verdict form did not instruct the jury that it was required to award damages in a specific amount on the breach of contract counterclaim if it did not award the Estate a setoff amount.

The jury ultimately found in favor of Dr. Weiss on the breach of contract counterclaim and awarded him $810,349.11 in damages. The jury also rejected the Estate's affirmative defenses and, consequently, determined the Estate was not entitled to a setoff against the $810,349.11 award. After the verdict was read, Dr. Weiss did not object to the verdict or otherwise request the jury be reinstructed.

Dr. Weiss thereafter moved for additur, arguing that because the jury found in his favor on the breach of contract counterclaim and rejected the Estate's affirmative defenses, the jury had no discretion but to award the amounts due under the contract. The motion for additur requested $1,933,024.72, which included an additional four days of post-default interest. The Estate opposed additur and requested that the trial court either deny the motion or order a new trial on both liability and damages.

The trial court, relying on *ITT Hartford Insurance Co. of the Southeast v. Owens*, 816 So. 2d 572 (Fla. 2002), ultimately granted Dr. Weiss's motion for additur and denied the Estate's request for a new trial, reasoning that a new trial would be a needless waste of time and resources. In so finding, the trial court reasoned "[t]he calculation of damages in this case was clearly set out in the contract, and it is nothing but a mathematical process that the Court will apply." The trial court thereafter entered final judgment wherein it awarded Dr. Weiss $1,933,024.72 in damages on the breach of contract counterclaim.

On appeal, the Estate primarily argues that regardless of the alleged inadequacy of the verdict, the trial court erred in granting additur because the instructions and verdict form clearly led the jury to believe it could award any amount of damages. Dr. Weiss counters that the trial court correctly granted additur because the jury's verdict was inadequate and the amount of damages was contractual, leaving only a question of law for the court when granting the motion.

An order granting a motion for additur is reviewed for an abuse of discretion. *Bluth v. Blake*, 128 So. 3d 242, 245 (Fla. 4th DCA 2013). To the extent the trial court's order was based on conclusions of law, however, we apply the de novo standard. *Id.*

Section 768.043, Florida Statutes (2023), authorizes a trial court to grant additur if the court determines the amount awarded was clearly inadequate. The statute sets forth several factors the court must consider in determining whether an award is clearly inadequate:

> (a)  Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.

> (b)  Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.

> (c)  Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.

> (d)  Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.

(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.043(2), Fla. Stat. (2023).

Here, although we agree the verdict appears inadequate in light of the jury's findings, the trial court's instructions to the jury and the verdict form gave the jury the discretion to award any amount of damages. For example, consistent with the Estate's statement to the jury during closing that it could "decide whatever number you want," the trial court instructed the jury without objection that if it found in favor of Dr. Weiss, the jury "should award Steven Weiss an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Dr. Weiss for his damages." Moreover, nothing in the verdict form, which both parties approved, instructed the jury that it was required to award damages in a specific amount if it did not award the Estate a setoff amount.

Under these circumstances, we hold Dr. Weiss both waived and invited any error with respect to the verdict. *See Plana v. Sainz*, 990 So. 2d 554, 557 (Fla. 3d DCA 2008) (recognizing that a "jury cannot be faulted for doing exactly what it was instructed to do," and holding that by failing to object to the trial court's instructions and verdict form, the plaintiffs "waived any objection to the zero damage award"); *see also Am. Sales & Mgmt. Org. LLC v. Lopez*, 373 So. 3d 1198, 1207 (Fla. 3d DCA 2023) (holding that additur was unauthorized where the unobjected-to jury instructions authorized the jury to decide as it did); *Baker v. R.J. Reynolds Tobacco Co.*, 158 So. 3d 732, 737–39 (Fla. 4th DCA 2015) (concluding that failure to object to the submission of the jury instructions or the verdict form constituted a waiver and invited error).

Accordingly, we reverse the order granting additur and remand for reinstatement of the jury's verdict. *See Ferrer v. Serna*, 179 So. 3d 523, 525 (Fla. 4th DCA 2015) ("[W]here it is apparent from the record that awarding additur was an abuse of discretion, we will reinstate the jury verdict.").

*Affirmed in part, reversed in part, and remanded with instructions.*

FORST and ARTAU, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

5